IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ABRAHAM RODRIGUEZ, JR. | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 21-40 |
| | § | |
| GUARANTEE PLUMBING & AIR CONDITIONING, INC. | § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

### Introduction

This is an action for retaliatory discharge from employment under the Emergency Paid Sick Leave Act, which is part of the Families First Coronavirus Response Act (FFCRA). Plaintiff Abraham Rodriguez, Jr. was employed by Defendant as a plumber's apprentice. After contracting COVID-19, very likely at work, he requested federal emergency paid sick leave. Defendant construed this as a "threat," and promptly terminate Plaintiff's employment.

### Parties

1. Plaintiff Abraham Rodriguez, Jr. is an individual residing in San Antonio, Texas. He may be served with papers in this case through the undersigned counsel.

2. Defendant Guarantee Plumbing & Air Conditioning, Inc. is a corporation organized under the laws of the State of Texas. It maintains its principal place of business at 4601 McCullough Ave., San Antonio, Texas 78212. It may be served with process through its registered agent, Dawn Simpson, at 4601 McCullough, San Antonio, Texas 78212.

## Jurisdiction and Venue

4.     The Court possesses personal jurisdiction over Defendant because Defendant is organized under the laws of the State of Texas, because Defendant maintains its principal place of business in Texas, and because Defendant continuously does business in the State of Texas. The Court possesses subject-matter jurisdiction pursuant to 28 U.S.C. Section 1331 because Plaintiff brings his claims under federal law (the Families First Coronavirus Response Act and the Emergency Paid Sick Leave Act). Venue is proper in the Western District of Texas because the events giving rise to Plaintiff's claims occurred within the geographic confines of the Western District.

## Factual Background

5.     Defendant operates a plumbing company in San Antonio, Texas. Plaintiff commenced work for Defendant as a plumber's apprentice on or about January 14, 2016. This was a full-time job. His last rate of pay was $19.00 per hour.

6.     In mid-November of last year (2020), Plaintiff and other employees were instructed by management to test for COVID-19 at their own expense. Plaintiff did so on November 17, and he received a positive test result on November 19, which required him to quarantine. Plaintiff spoke with management to request that he be paid for his time away from work. He also forwarded to management a link with documentation from the U.S. Department of Labor regarding paid sick leave under the FFCRA/EPSLA. Management told Plaintiff that they would look into the situation and let him know if he would be paid.

7.     On the following day, November 20, Defendant discharged Plaintiff from employment, claiming that they took his text messages the prior day as a threat. In fact, Plaintiff

made no threats. He simply requested the federal paid sick leave that he was entitled to and sent management a link to Department of Labor information regarding the same.

### Cause of Action: Retaliatory Discharge under FFCRA

7. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 6 supra.

8. Defendant is an employer within the meaning of the Emergency Paid Sick Leave Act and the FFCRA. Plaintiff was likewise a covered employee under those Acts in that, at the time he took leave because of his own COVID infection and the COVID infection of his infant son, Plaintiff had been employed by Defendant for more than 30 days.

9. Under Section 5104 of the FFCRA, as amended by Section 3611(8) of the CARES Act, a covered employer may not discharge, discipline, or otherwise discriminate against an employee who takes leave in accordance with the Act; or has filed any complained or instituted or caused to be instituted any proceeding under or related to the Act. An employer who willfully violates Section 5104 shall be considered in violation of section 15(a)(3) of the FLSA and is subject to the penalties described in Sections 16 and 17 of the FLSA.

10. Plaintiff avers that he was discharged from employment because of his protected activities under the Emergency Paid Sick Leave Act, the FFCRA, and Section 3611(8) of the CARES Act. Specifically, Plaintiff was fired because he requested paid sick leave and provided his manager with information from the U.S. Department of Labor indicating entitlement to paid sick leave under the FFCRA/EPSLA. As a result of his illegal discharge from employment, Plaintiff has lost wages and benefits for which he now sues. Under the law, Plaintiff is also entitled to an award of liquidated damages as well as damages for emotional distress, mental anguish, humiliation, and damage to reputation. Finally, because Plaintiff has been forced to retain legal

counsel to vindicate his federally-protected rights, Plaintiff is entitled to an award of attorney fees.

## Jury Demand

11. Plaintiff demands a trial by jury

## Conclusion and Prayer

12. Plaintiff prays that, upon by final judgment, he be awarded the following:

a. Lost wages and benefits in the past;

b. Lost wages and benefits in the future;

c. Liquidated damages;

d. Compensatory damages for emotional distress, mental anguish, humiliation, embarrassment, and damage to reputation;

e. Attorney Fees;

f. Costs of Court; and

g. All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ MICHAEL V. GALO, JR.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
ABRAHAM RODRIGUEZ